No. 83035

| | | |
|---|---|---|
| ALI JO BURRESS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | LAMAR COUNTY, T E X A S |
| | § | |
| RONNICA BLAKE, | § | |
| BOBBY JOE HUNDLEY, JR. and | § | 62nd JUDICIAL DISTRICT |
| John Doe Defendant No. 1 | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Ali Jo Burress shows:

**DISCOVERY:**

Discovery is intended to be conducted at Level 2.

**PARTIES:**

1. Plaintiff is Ali Jo Burress. She is a resident citizen of Lamar County, Texas.

2. Defendant, Ronnica Blake, is a resident citizen of Lamar County, Texas. She may be served with citation by serving her at her home, 210 Stone Avenue, Apt. #G23 Paris, Lamar County, Texas 75460-9499 or at her place of employment, Paris Police Department 2910 Clarksville Paris, Lamar County, Texas 75460, or wherever else she may be found. She is sued individually and in her official capacity as a police officer employed by the Paris Police Department. At all times relevant to this lawsuit, Ms. Blake was acting in her capacity as a police officer with the Paris, Texas Police Department.

3. Defendant, Bobby Joe Hundley, Jr., is a resident citizen of Lamar County, Texas. He may be served with citation by serving him at his home, 130 CR 43010 Powderly, Lamar County, Texas 75473-5103 or at his place of employment, Paris Police Department 2910 Clarksville Paris, Lamar County, Texas 75460, or wherever else he may be found. He is sued in

his official capacity as the chief of police of the Paris Police Department.

4. John Doe Defendant No. 1 is an unknown person who, according to statements made by Defendant Blake, ordered the illegal search of the Plaintiff.

**FACTS COMMON TO ALL CAUSES OF ACTION:**

5. On or about February 27, 2013, Plaintiff was a spectator in the courtroom of the 6TH Judicial District Court of Lamar County. The case on trial was the State of Texas vs. Byron O'Keith Barrett. At approximately 10:00 a.m., Plaintiff left the courtroom to go to the restroom. As soon as she was outside of the courtroom, Plaintiff was intercepted and detained by Blake, who identified herself as a police officer with the Paris, Texas Police Department. The following exchange took place, in words in close identity to if not verbatim: Blake told Plaintiff, "I need you to come with me." Plaintiff asked, "On what grounds?" Blake responded, "A search was ordered." Plaintiff asked, "What for?" Blake advised, "I can't tell you. I was called up here to do a search." Plaintiff asked, "Why did they call you? Who called you?" Blake replied, "I can't tell you. You have to come with me." Plaintiff said, "I don't have to be searched. I'll just go home." Blake instructed Plaintiff, "If you refuse it you're going to go to jail. You have to." Blake then took Plaintiff into the Grand Jury restroom. Once in the Grand Jury restroom, Blake ordered Plaintiff to remove all of her clothing, which Plaintiff did. Thereupon, Blake frisked Plaintiff, then had her squat and cough. Once that was done, Blake searched Plaintiff's clothing. Nothing was found or seized. Thereafter, Blake allowed Plaintiff to get re-clothed. Plaintiff put her clothes back on and left the courthouse, instead of going back into the courtroom.

6. At no time did Blake show Plaintiff any type of warrant, or state that she was acting under authority of a warrant. And at no time did Blake advise Plaintiff of her right to counsel.

7. On information and belief, Defendant Hundley is responsible for the training that Defendant Blake receives. It appears that Defendant Hundley has wholly failed to train Defendant Blake in the proper procedures for searching and seizing persons as required by the United States Constitution.

**FIRST CAUSE OF ACTION:**

8. By the conduct set forth above, in ¶¶ 5 and 6, Defendant Blake was acting under color of state law and interfered with Plaintiff's First, Fifth and Fourteenth Amendment right to be present in the courtroom of the 6TH Judicial District Court to watch the on-going proceedings. Defendant Blake also violated Plaintiff's Fourth Amendment right to be free from an illegal seizure of her person and from illegal searches. Defendant Blake also violated Plaintiff's right to privacy under the First, Third, Fourth, Fifth and Ninth Amendments as made binding on the States by the Fourteenth Amendment. Defendant Blake also violated Plaintiff's right to be free from arbitrary and unreasonable interference by the police. And Blake violated Plaintiff's right to counsel by failing to notify her of her right to counsel.

9. All of Blake's conduct caused Plaintiff damage, for which she now sues, pursuant to the provisions of 42 U.S.C. § 1983. These damages fall within the jurisdictional limits of this Court. Since this action is brought pursuant to Federal law, Plaintiff does not believe that the state procedural rules bind her as to pleading of damages, but out of an abundance of caution and in order to comply with Rule 47, T.R.C.P., Plaintiff alleges that she seeks monetary relief of $100,000 or less and non-monetary relief as set forth herein. Plaintiff specifically reserves the right to amend this allegation of damages that she seeks.

10. Plaintiff also sues Blake for a permanent injunction, to enjoin her from ever again subjecting Plaintiff or anyone similarly situated to a warrantless strip search. And Plaintiff

alleges that the actions of Blake were perpetrated willfully, wantonly and maliciously, entitling her to recover punitive damages, for which she now also sues.

11. Plaintiff sues Defendant Hundley for a permanent injunction, requiring Hundley to institute proper procedures for training his officers in the constitutional limits of searches and seizures of persons, especially as to strip searches conducted without a warrant, and to thereafter implement those procedures.

12. Pursuant to the provisions of 42 U.S.C. § 1988, Plaintiff also sues for reasonable and necessary attorney's fees for having to bring this action.

**CONCLUSION:**

Plaintiff prays that the Defendants be cited to appear and answer herein and that upon final trial hereof, she have and recover judgment of the Defendants, in accordance with the allegations hereof, for her actual damages, punitive damages, attorney's fees and injunctive relief. Plaintiff prays for pre- and post-judgment interest, as allowed by law, together with all costs of court expended. Plaintiff prays for general relief.

Respectfully submitted,

By: _____
G. Donald Haslam, Jr., Counsel for Plaintiff
3140 Clark Lane
Paris, TX 75460
Texas Bar #24071792
903-739-9221
888-541-9780 FAX
dhaslam@alumni.uchicago.edu