# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| ALI JO BURRESS | § |
| | § |
| **Plaintiff,** | § |
| | § |
| VS. | § Case No. 4:14cv35 |
| | § |
| RONNICA BLAKE, | § |
| BOBBY JOE HUNDLEY, JR. | § |
| and John Doe Defendant No. 1 | § |
| | § |
| **Defendants.** | § |

## MEMORANDUM OPINION AND ORDER OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendants Ronnica Blake and Bobby Joe Hundley, Jr.'s Motion for Partial Judgment on the Pleadings (Dkt. 19). As set forth below, the motion is GRANTED in part and DENIED in part.

Plaintiff Ali Jo Burress filed this suit against Defendants Ronnica Blake, Bobby Joe Hundley, Jr., and John Doe Defendant No. 1 on December 20, 2013 in the 62nd Judicial District Court of Lamar County, Texas. Defendants Blake and Hundley removed the case to this Court on January 16, 2014, and the case was later referred to the undersigned by consent of the parties. *See* Dkts. 1 and 8.

Plaintiff alleges that, while she was a citizen spectator in a Lamar County courtroom, she was intercepted by Blake, an officer with the Paris Texas Police Department, taken to a restroom, and stripsearched without a warrant. According to Plaintiff, Defendant Hundley was the chief of police responsible for Blake's training and did not train her.

Plaintiff's original petition – which has not been amended since removal – asserts claims under Section 1983 and argues that Defendant Blake violated Plaintiff's First, Fifth and Fourteenth Amendment rights to be present in the courtroom; her Fourth Amendment right to be free from an illegal seizure of her person and from illegal searches; her right to privacy under the First, Third, Fourth, Fifth and Ninth Amendments; her right to be free from arbitrary and unreasonable interference by the police; and her right to counsel. *See* Dkt. 3 at ¶8. Plaintiff also seeks the issuance of a permanent injunction against Blake to enjoin her from subjecting anyone to a warrantless strip search in the future, as well as an award of punitive damages. Dkt. 3 at ¶9. Blake is sued in both her individual and official capacities. Dkt. 3 at ¶2.

As to Hundley, who is sued only in his official capacity, Plaintiff seeks a permanent injunction requiring him to "institute proper procedures for training his officers in the constitutional limits of searches and seizures of persons, especially as to strip searches conducted without a warrant, and to thereafter implement those procedures." Dkt. 3 at ¶11.

As to John Doe Defendant No. 1, the only allegation that is made is that he is an unknown person who ordered the illegal search of Plaintiff. *See* Dkt. 3. at ¶4.

In their motion, Defendants argue that the majority of Plaintiff's discrete claims against Defendants should be dismissed.[1] Specifically, Defendants argue that Plaintiff has failed to allege a plausible claim for a violation of her right to be present in the courtroom, her First Amendment right to privacy, her Third Amendment right to privacy, her Fifth Amendment right to privacy, and her Ninth Amendment right to privacy, and that Plaintiff's allegation that she was not informed of

---

[1] Defendants do not seek dismissal of Plaintiff's claims under the Fourth Amendment.

her right to counsel does not state a plausible claim. Defendants also argue that Plaintiff's alleged violation of her right to be free from arbitrary and unreasonable interference by police is duplicative of her Fourth Amendment claim.

Defendants' motion also seeks dismissal of the claims against Defendants in their official capacities. In this regard, Defendants argue that Plaintiff's claims against Officer Blake and Chief Hundley, in their official capacities, are indistinguishable from claims against the City of Paris, Texas and that Plaintiff has failed to plead a plausible claim sufficient to invoke *Monell* liability against either Officer Blake or Chief Hundley in their official capacities. Finally, Defendants seek dismissal of Plaintiff's request for a permanent injunction.

Plaintiff has filed a response to the motion. The pleadings amendment deadline having passed, the Court now addresses the record before it.

### STANDARD

Defendants bring their motion under Federal Rule of Civil Procedure 12(c). The standard for deciding a Rule 12(c) motion for judgment on the pleadings is the same as a Rule 12(b)(6) motion to dismiss. *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). In examining a motion for judgment on the pleadings, therefore, the court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

A claim will survive if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a

3

court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS

### Individual Capacity

The Court first addresses Plaintiff's claims against Blake in her individual capacity. In her response, Plaintiff concedes that her claims under the Third Amendment and the Ninth Amendment, as well as her privacy and right to counsel claims under the Fifth Amendment "may be duplicitous of the other claims" and withdraws them. *See* Dkt. 20 at 7. Therefore, the motion to dismiss is

GRANTED as to these claims and Plaintiff's Third Amendment right to privacy, Plaintiff's Fifth Amendment right to privacy and right to counsel, and Plaintiff's Ninth Amendment right to privacy claims are dismissed for failure to state a claim.

The Court next turns to Defendants' claim that Plaintiff has failed to allege a plausible claim for a violation of her First Amendment right to privacy and that Plaintiff's alleged violation of her right to be free from arbitrary and unreasonable interference by police is duplicative of her Fourth Amendment claim. In their reply to the motion, Defendants argue that Plaintiff's response has wholly failed to address the dismissal of these claims and as such she has conceded to their dismissal. Plaintiff has filed no surreply to challenge Defendants' argument.

Thus, there being no argument made in opposition to Defendants' argument that any privacy claim is best brought under the Fourth Amendment rather than the First Amendment and having considered the Supreme Court authority that the Fourth Amendment should govern "all claims that law enforcement officers have used excessive force ... in the course of" an investigatory stop or arrest, see *Graham v. Connor*, 490 U.S. 386, 395 (1989), the Court finds that the motion should be GRANTED as to that claim and Plaintiff's First Amendment right to privacy claim is dismissed. Similarly, there being no briefing in opposition by Plaintiff, the Court finds that Plaintiff's alleged violation of her right to be free from arbitrary and unreasonable interference by police is duplicative of her Fourth Amendment claim, and that claim is also dismissed.

Next, the Court turns to Defendants' argument that Plaintiff has failed to allege a plausible claim for a violation of her right to be present in the courtroom. Defendants argue that Plaintiff does not allege that either Officer Blake, or any other officer or law enforcement official, removed her

5

from the courtroom or prevented her from entering the courtroom at any time and that Plaintiff in fact alleges that she voluntarily left the courtroom before the alleged stripsearch occurred. Plaintiff argues that sufficient facts are alleged to show effective or constructive denial of her right to return to the court proceedings.

It is undisputed that access to the courts is protected by the First Amendment. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580, 100 S.Ct. 2814, 2829 (1980) ("We hold that the right to attend criminal trials is implicit in the guarantees of the First Amendment; without the freedom to attend such trials, which people have exercised for centuries, important aspects of freedom of speech and "of the press could be eviscerated.") (internal citation and quotation omitted). Even if her original exit from the courtroom was voluntary, the Court finds that Plaintiff's allegations that she was stripsearched while on a bathroom break are sufficient to "raise a right to relief above the speculative level" and into the "realm of plausible liability" that such a search effectively or constructively resulted in restricting her access to the courtroom and freedom to attend courtroom proceedings after the search. *Twombly*, 550 U.S. 544, 555, 557 n5. Given the disfavor with which motions to dismiss are viewed, the Court will not dismiss that claim at this phase of the proceedings and the motion is DENIED as to that claim.

To the extent Plaintiff seeks to allege a violation of the Fifth and Fourteenth Amendment, the Court finds no such claims can be stated as her claim clearly falls, if at all, under the First Amendment and any other claims would be duplicative. The Court finds that the First Amendment claim regarding her right to be present in the courtroom has been sufficiently stated but GRANTS the motion as to any claim under the Fifth and Fourteenth Amendments.

**Official Capacity**

Next, the Court turns to the official capacity claims asserted against Blake, the officer who allegedly searched Plaintiff, and Hundley, the chief of police. The Court agrees with Defendants that these claims should be dismissed.

An official-capacity suit is treated as a suit against the entity. *Goodman v. Harris County*, 571 F.3d 388, 394-95 (5th Cir. 2009). A governmental entity is liable for damages under Section 1983 only to the extent that constitutional violations result from official policy or "custom." *Monell v. Dept. of Soc. Serv.'s of City of New York,* 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed.2d 611 (1978). There is no vicarious liability against a governmental entity for the actions of its employees unless there is a showing of a policy or practice approved by the entity. *Id.* at 690-91, 98 S. Ct. at 2018 (noting that the approval of the policy or practice does not have to be formal). Essentially, "[f]or a municipality to be liable, the plaintiff must show that there was either an official policy or an unofficial custom, adopted by the municipality, that was the moving force behind the claimed constitutional violation." *Duvall v. Dallas County, Tex.*, 631 F.3d 203, 209 (5th Cir. 2011). *See also Kitchen v. Dallas County*, Tex., __ F. 3d. __, 2014 WL 3537022, 4 (5th Cir. 2014) (municipality must have "adopted a policy, practice, or custom that was the moving force behind the constitutional violation."). The Fifth Circuit has explained liability for government agencies as follows:

> Municipal policy for purposes of section 1983 liability may consist of
> 
> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

7

> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Johnson v. Deep East Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004) (internal citations and quotations omitted).

Plaintiff's Original Petition states no facts to show a formal policy under the first prong of the analysis. In fact, Plaintiff's complaint does not reference any City policy or policies whatsoever as her grounds for municipal liability. Without any facts alleging a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the City of Paris, no official capacity claim has been stated under the first prong.

Plaintiff's petition similarly fails to state any facts under the second prong of municipal liability as it contains no facts alleging a persistent, widespread practice of the Paris, Texas Police Department. Although Plaintiff has alleged that Hundley was the chief of police of the Paris Police Department, Plaintiff has not alleged any facts that would show actual or constructive knowledge of the department, or a policymaker within the department, about Blakes's conduct. While "[a] single decision may create municipal liability if that decision were made by a final policymaker responsible for that activity," *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005) (quoting *Brown v. Bryan County, Oklahoma,* 67 F.3d 1174, 1183 (5th Cir.1995)), Plaintiff has failed to allege any facts regarding any decisions by a final policymaker. Plaintiff's allegation that John Doe Defendant No. 1, ordered the illegal search of Plaintiff does not rise beyond mere labels and conclusions such

that any policymaker claim could be stated. Even taking all of Plaintiff's allegations as true, they are not enough to state a widespread practice sufficient to state municipal liability. *See, e.g., Daniel v. Compass,* 212 Fed. Appx. 262, 2006 WL 3627141 (5th Cir. 2006) (holding that neither city nor police officers in their official capacity were liable for allegedly improper arrest warrant under § 1983, given evidence that arrest warrant resulted from the individual actions of one police officer instead of a consistent policy or practice of the municipality).

In conjunction with her official capacity claims, Plaintiff claims that Hundley failed to train Blake in the proper procedures for searching and seizing a person. "[I]t is well established that a municipality's policy of failure to train its personnel can give rise to liability under 42 U.S.C. 1983." *Kitchen*, 2014 WL 3537022 at 4 (internal citations omitted). To succeed on a claim arising from a municipality's failure to adopt an adequate training policy, "a plaintiff must demonstrate that: (1) [the municipality's] training policy procedures were inadequate, (2) [the municipality] was deliberately indifferent in adopting its training policy, and (3) the inadequate training policy directly caused [the constitutional violation]." *Id.* (internal citations omitted).

Plaintiff has not stated any facts which, even if taken as true, would show that the City of Paris's Police Department's training policy procedures were inadequate or that this inadequacy directly caused the alleged constitutional violation. Moreover, Plaintiff has failed to allege any facts that would show the deliberate indifference necessary to support any claim based on inadequate supervision or training. *Brown v. Callahan*, 623 F.3d 249, 255 (5th Cir. 2010) ("Proof of deliberate indifference normally requires a plaintiff to show a pattern of violations and that the inadequate training or supervision is obvious and obviously likely to result in a constitutional violation.")

9

(internal quotations omitted). Specifically, Plaintiff has not stated any facts that the City of Paris or its police department "had notice of a pattern of similar violations, which were fairly similar to what ultimately transpired when the plaintiffs own constitutional rights were violated" nor has Plaintiff stated any facts to support the narrow single-incident exception "where a constitutional violation would result as the highly predictable consequence of a particular failure to train." *Kitchen*, 2014 WL 3537002 at *10 (internal citations and alterations omitted). The motion is GRANTED as to Plaintiff's official capacity claims.

Because no facts have been stated to support her official capacity claims against Blake and Hundley, they are dismissed, and, because Plaintiff has not stated a viable claim against Hundley, she cannot show a likelihood of success on the merits, making injunctive relief unavailable. *Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009). As the only claims against Hundley are made against him in his official capacity claims, he is dismissed from the suit.

Finally, because the facts alleged as to John Doe Defendant No. 1 are insufficient to "raise a right to relief above the speculative level" and into the "realm of plausible liability," they are dismissed. *Twombly*, 550 U.S. 544, 555, 557 n5.

## SUMMARY

All of Plaintiff's claims against Hundley and John Doe Defendant No. 1 are dismissed with prejudice for failure to state a claim. All of Plaintiff's official capacity claims against Blake are also dismissed, as are Plaintiff's claims that Blake violated her Fifth and Fourteenth Amendment rights to be present in the courtroom, her right to privacy under the First, Third, Fourth, Fifth and Ninth

Amendments, her right to be free from arbitrary and unreasonable interference by the police, and her right to counsel.

Only Plaintiff's Section 1983 claims against Blake individually for violation of her First Amendment right to be present in the courtroom and her Fourth Amendment right to be free from an illegal seizure of her person, as well as any corresponding request for injunctive relief, remain.

**SO ORDERED.**

**SIGNED this 23rd day of September, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE