# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| ALI JO BURRESS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:14cv35 |
| | § | |
| RONNICA BLAKE, | § | |
| BOBBY JOE HUNDLEY, JR. | § | |
| and John Doe Defendant No. 1 | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER OF
## UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendant Ronnica Blake's Motion for Summary Judgment (Dkt. 33). Having reviewed the record herein, the Court finds that the motion should be DENIED.

On December 20, 2013, Plaintiff Ali Jo Burress filed this suit against Defendants Ronnica Blake, Bobby Joe Hundley, Jr., and John Doe Defendant No. 1 in the 62nd Judicial District Court of Lamar County, Texas. The case was removed to this Court on January 16, 2014 and later referred to the undersigned by consent of the parties. *See* Dkts. 1 and 8.

Plaintiff alleges that, while she was a citizen spectator in a Lamar County courtroom, she was intercepted by Blake, a detective with the Paris Texas Police Department, taken to a restroom, and strip searched without a warrant. According to Defendant, she searched Plaintiff after the Honorable Eric Clifford, the presiding judge of the 6th Judicial District Court of Lamar County, Texas, ordered that she be searched. Defendant alleges that Judge Clifford had observed Plaintiff mouthing the

1

words "I love you" to the murder suspect on trial, was concerned about the safety of the courtroom, and, while on recess, directed deputies to have Plaintiff searched.

Plaintiff's original petition – which has not been amended since removal – asserts claims under Section 1983 and argues that Defendant Blake violated Plaintiff's First, Fifth and Fourteenth Amendment rights to be present in the courtroom; her Fourth Amendment right to be free from an illegal seizure of her person and from illegal searches; her right to privacy under the First, Third, Fourth, Fifth and Ninth Amendments; her right to be free from arbitrary and unreasonable interference by the police; and her right to counsel. *See* Dkt. 3 at ¶8. Plaintiff also seeks the issuance of a permanent injunction against Blake to enjoin her from subjecting anyone to a warrantless strip search in the future, as well as an award of punitive damages. Dkt. 3 at ¶9. Blake is sued in both her individual and official capacities. Dkt. 3 at ¶2.

On September 23, 2014, this Court entered an order dismissing all of Plaintiff's claims against Hundley (the police chief responsible for Blake's training) and John Doe Defendant No. 1 for failure to state a claim. *See* Dkt. 25. The Court also dismissed all of Plaintiff's official capacity claims against Blake and Plaintiff's claims that Blake violated her Fifth and Fourteenth Amendment rights to be present in the courtroom, her right to privacy under the First, Third, Fourth, Fifth and Ninth Amendments, her right to be free from arbitrary and unreasonable interference by the police, and her right to counsel.

Thus, only Plaintiff's Section 1983 claims against Defendant Blake in her individual capacity for violation of her First Amendment right to be present in the courtroom and her Fourth Amendment right to be free from an illegal seizure of her person, as well as any corresponding

request for injunctive relief, remain pending before the Court.

Defendant Blake has filed a motion for summary judgment, and Plaintiff has filed a response in opposition.

## MOTION FOR SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

## SUMMARY JUDGMENT EVIDENCE

In support of her motion, Detective Blake relies on the following summary judgment evidence: (1) excerpts from the Deposition of Judge Eric Clifford; (2) the Affidavit of Detective Derek Lynn Belcher; (3) the Affidavit of Defendant Ronnica Blake; and (4) excerpts from the Deposition of Plaintiff Ali Jo Burress. Dkts. 31-1-31-4. Defendant also attaches to the motion Plaintiff's Original Petition and the undersigned's September 23, 2014 Memorandum Opinion and Order. In response, Plaintiff presents the following summary judgment evidence: (1) Plaintiff's declaration; (2) Plaintiff's deposition transcript; and (3) the transcript of the deposition of Judge Eric Clifford. Dkt. 34-1-34-3.

**ANALYSIS**

*Fourth Amendment*

The Court first addresses Plaintiff's claims that Blake subjected her to an unconstitutional search and seizure in violation of the Fourth Amendment. This claim was not addressed by Defendant's prior motion to dismiss.

In her motion for summary judgment, Defendant argues that Plaintiff's Fourth Amendment claim fails for three reasons: (1) it is barred by quasi-judicial immunity because Blake was acting pursuant to a judicial order; (2) it is barred by qualified immunity; and (3) she did not violate Plaintiff's Fourth Amendment rights as a matter of law. The Court finds that the varying accounts in the summary judgment record of the search and the circumstances surrounding it make summary judgment improper herein.

Defendant first argues that she is entitled to quasi-judicial immunity because she was directed by Judge Clifford to search Plaintiff. Plaintiff agrees that "an official acting within the scope of his authority is absolutely immune from a suit for damages to the extent that the cause of action arises from his compliance with a facially valid judicial order issued by a court acting within its jurisdiction." *Mays v. Sudderth*, 97 F.3d 107, 113 (5th Cir. 1996). However, Plaintiff argues that there was no facially valid order to search her.

Defendant cites to Judge Clifford's deposition testimony in which he states that he ordered that Plaintiff be searched while court was in recess because he had safety concerns and believed that Plaintiff needed to be searched for a weapon based on her conduct in court and her relationship to the defendant in the criminal case. Dkt. 31-1 at 26-27. There is no doubt that it was within Judge

5

Clifford's authority to order a search of Plaintiff to ensure the safety of the courtroom. *See generally U.S. v. Colomb*, 419 F.3d 292, 300 (5th Cir. 2005) (district courts have wide-ranging control over management of their dockets and courtroom procedures); *U.S. v. Nicholson*, 846 F.2d 277, 279 (5th Cir. 1988) (a court has an "obligation to protect the court and its processes, and to attend to the safety and security of those in the courtroom."). *See also State v. Shelton*, 243 S.E.2d 455, 457 (N.C. 1978) ("A trial judge has the inherent power to preserve order in his court and to see that justice is not obstructed by any person or persons. He has the authority to take such measures as appear reasonably necessary to secure orderly proceedings and to preserve the security of those participating in the trial or lawfully attending the proceedings.").

The Court is not convinced by Plaintiff's argument that there was not a valid order to search Plaintiff. Judge Clifford's deposition testimony clearly indicates that he ordered that Plaintiff be searched out of safety concerns. Such is a valid and enforceable order - even if only made orally - from a judicial officer.

Whether Blake exceeded the scope of Judge Clifford's order by strip searching Plaintiff, however, is a different inquiry. Judge Clifford testified that he didn't specify how the search was to be performed and that he placed no limitations on the manner in which Plaintiff was to be searched for suspected weapons. *See* Dkt. 33-1 at 27. Although Clifford's deposition testimony indicates that he was concerned specifically about weapons, in her affidavit, Blake states that she was told the search was for weapons *and/or* contraband. Dkt. 33-3 at ¶¶22-25. Her affidavit does not specify who told her to search for both weapons and contraband. Such a distinction is critical to the Court's inquiry here as an order to search for contraband may implicate the need for a cavity search

6

while an order to search for weapons alone might implicate the need for a pat down only.

Further complicating matters is that there is a genuine issue of material fact in the record regarding whether Defendant even intended to strip search Plaintiff at all. As to the search of Plaintiff, Blake's affidavit claims that the strip search was not the officer's idea. According to Blake, Plaintiff told her she was "okay with being searched," asked if she could use the restroom, and proceeded as follows:

> 37. As Plaintiff walked into the restroom she handed her purse. She did so without a request from me. While she was using the restroom I opened her purse and searched its contents for weapons and/or contraband but did not find any....
>
> 38. After she finished using the restroom, ***the Plaintiff got up from the toilet and spontaneously started removing pieces of clothing and tossing them to me. She did so without my requesting, directing and/or demanding in any way she do so.*** In light of the fact that I had only intended to pat down the Plaintiff while she was fully clothed, I told her that she did not have to and or need to take her clothes off but she partially disrobed. Specifically, she took off her shirt and bra, anyway and handed them to me. In response, the Plaintiff stated that she had been through this before, knew what to do, and wanted to show me that she didn't have anything to hide.
>
> 39. The Plaintiff then took her shorts off and I again told her that she didn't have to do so, but she took them off anyway. The Plaintiff left on her underwear on [sic] but then, without my telling her to do so, she proceeded to squat down like a baseball catcher and cough. When she did, I was still approximately 3-5 feet away from her.

Dkt. 33-3 at ¶¶ 37-39 (emphasis added).

Plaintiff's version of the encounter is quite different. In her "Declaration Under Penalties of Perjury," Plaintiff states that she did not say she was "okay" with being searched, that she "was instructed to completely disrobe," and that "Blake demanded [her] purse and searched it." Dkt. 34-1

7

at ¶¶8-10. Plaintiff further states:

> 11. ... I did not disrobe after using the toilet. Rather, Blake ordered me to completely disrobe before using the toilet and I complied with the order. I was completely naked while using the toilet and Blake was present as I did so. After rising from the toilet, Blake ordered me to squat and cough and I complied with the order. After compliance, Blake ordered me to turn away from her and squat and cough again. I complied with her order to do this, as well.
>
> ...
>
> 15. ... Blake demanded my purse and she demanded my clothing piece-by-piece, and she demanded I squat and cough. I did none of these "voluntarily or spontaneously" as Blake claims.

Dkt. 34-1 at ¶11; 15. Plaintiff similarly testified in her deposition that Blake told her to take her clothes off and hand Blake her purse. Dkt. 34-2 at 6-7. Plaintiff concedes that Blake searched her pursuant to Judge Clifford's order and was not acting on her own. *See* Dkt. 33-4 at 11-12.

The Court finds that Blake would only be entitled to quasi-judicial immunity here if Judge Clifford's order to search Plaintiff extended to a strip search. If Judge Clifford's order was only to search Plaintiff while clothed (*i.e.*, a pat down) - as Defendant states was her intent - and if Blake nonetheless forced Plaintiff to disrobe - as Plaintiff claims - then there can be no quasi-judicial immunity as Blake would be exceeding the scope of the judge's order. Or, if Plaintiff did, as Defendant alleges, voluntarily strip off her clothes in conjunction with the search, then there is no constitutional violation arising out of the strip search. There is a clear fact issue before the Court as to whether the strip search was Plaintiff's idea or Blake's mandate, and it is a clear matter of the credibility of the two individuals involved best reserved for a jury in a trial on the merits. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986) ("Credibility determinations,

the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge...." ).[1]

For these reasons, the Court finds that summary judgment on Defendant's qualified immunity defense is also not warranted. In determining if a defendant is entitled to qualified immunity, a court conducts a two-prong analysis to determine: (1) whether the facts alleged show the officer's conduct violated a constitutional right and (2) whether the right at issue was clearly established at the time of the officer's alleged misconduct. *McCreary v. Richardson*, 738 F.3d 651, 656 (5th Cir. 2013).

A qualified immunity defense alters the usual summary judgment burden of proof. As the Fifth Circuit has explained:

> Once an official pleads the defense, the burden then shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law. *Id.* The plaintiff bears the burden of negating qualified immunity, *id.,* but all inferences are drawn in his favor.

*Brown v. Callahan*, 623 F.3d 249, 252 -253 (5th Cir. 2010). "To negate a defense of qualified immunity and avoid summary judgment, the plaintiff need not present 'absolute proof,' but must offer more than 'mere allegations.'" *Ontiveros v. City of Rosenberg, Tex.*, 564 F.3d 379, 382 (5th Cir. 2009). The Court finds that Plaintiff has sustained her burden here.

As noted above, there is a clear fact issue here regarding whether Plaintiff removed her clothing without being directed to do so or whether she was involuntarily strip searched. Moreover,

---

[1] As to Plaintiff's challenges to Blake's affidavit testimony in her summary judgment response (*see* Dkt. 34 at 10-13), the Court finds that they raise issues more appropriate for cross-examination of a witness or argument at trial. Because the objections are not based on specific Rules of Evidence, they are overruled.

9

as to the second prong, the Court finds that there is a fact issue as to whether an involuntary strip search would have violated Plaintiff's clearly established rights. In evaluating the second prong, a court must examine whether "the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *McCreary*, 738 F.3d at 656 (internal citations omitted).

Although strip searches are not *per se* unconstitutional, it is clearly established that law enforcement must have reasonable justification for conducting a strip search. *McCreary*, 738 F.3d at 662. *See also U.S. v. Gilbert* 252 Fed. App'x 692, 693 (5th Cir. 2007) (a strip search ordered by a police officer is permissible if the officer has an individualized suspicion that a person arrested is hiding weapons or contraband). In analyzing the reasonableness of strip searches, a court must "balance the need for the searches against the invasion of personal rights that the searches entailed by considering the scope of the intrusions, the manner in which they were conducted, the justification for them, and the places in which they were conducted." *Ponce v. Lucas*, 590 Fed. App'x 444, 445 (5th Cir. 2015). An officer's motive for conducting a strip search does not affect the Fourth Amendment analysis because "Fourth Amendment compliance is, as a general rule, assessed based on objective reasonableness and not subjective intent." *McCreary*, 738 F.3d at 657.

The Court notes that Plaintiff was not under arrest here — a matter which further complicates (and may ultimately be determinative of) the reasonableness of any strip search conducted as well as Defendant's claims regarding probable cause. *Williams v. Kaufman County*, 352 F.3d 994, 1005 (5th Cir. 2003) ("We have allowed strip searches in custodial situations but, consistently, not when the suspect has committed only a minor offense and there exists no reasonable suspicion that he

might possess weapons or contraband."). In affirming the district court's denial of a motion for summary judgment on a qualified immunity defense regarding a strip search, the Fifth Circuit explained as to the "clearly established law" regarding strip searches:

> Unlike both *Stewart* and *Watt*, this case concerns individuals outside the prison context, thus individuals toward whom the police had even less individualized reasonable suspicion or probable cause—none, to be precise. Thus, if any law enforcement interest existed at all, it concerned only officer safety, not prison security. After handcuffing and patting down the plaintiffs here, however, even this law enforcement interest ceased to exist. On appeal, Harris and the County repeatedly incant the hazardous conditions of the search, yet Harris admits that he had no individualized probable cause that any of the plaintiffs had weapons, drugs or contraband. Furthermore, even though Brown was arrested before he was strip searched, he was arrested because he interfered with the duties of a public servant, not because of any probable cause or reasonable suspicion related to drugs or weapons. To the extent the police were legitimately worried about their safety in regard to Brown or any other individuals before or during the searches, those concerns surely evanesced once the officers handcuffed and patted down the plaintiffs. At that point, the law enforcement interests were substantially less significant than those in either *Stewart* or *Watt*. Finally, weighed against this interest, the invasion of personal rights caused by the strip searches here are at least if not more intrusive than in either *Stewart* or *Watt*. In short, *Stewart* and *Watt* also provided fair warning to Harris that law enforcement interests in safety did not justify the extreme intrusiveness of strip searches especially once the plaintiffs were handcuffed and patted down.

*Williams*, 352 F.3d at 1006-1007.

If the strip search was not voluntary, then there is a clear fact issue as to whether anything other than a pat down of Plaintiff - who was not under arrest - exceeded what was permissible under clearly established law. There is a fact issue as to whether a reasonable person would have construed Judge Clifford's oral order to search Plaintiff to mean that she should be strip searched and whether probable cause existed to perform anything other than a pat down of Plaintiff for weapons. The Court finds that there are genuine issues of material fact as to whether Blake's search of Plaintiff was

11

objectively unreasonable under clearly established law. These fact issues are material to the qualified immunity analysis and preclude the entry of summary judgment here.

*First Amendment*

As to Plaintiff's claim that Blake violated her First Amendment rights, Defendant argues that there is no evidence whatsoever to support Plaintiff's claim that Officer Blake denied her access to the courtroom. Defendant argues that, contrary to Plaintiff's original allegation, the summary judgment evidence shows that Plaintiff voluntarily returned to the courtroom after Blake finished searching her. Defendant thus argues, without citation to any governing authority, that "the only possible remaining issue is whether Detective Blake subsequently prevented the Plaintiff from returning to the courtroom, or otherwise denied her access to it, after the search in question was completed." Dkt. 33 at 20.

It is undisputed that access to the courts is protected by the First Amendment. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580, 100 S. Ct. 2814, 2829 (1980) ("We hold that the right to attend criminal trials is implicit in the guarantees of the First Amendment; without the freedom to attend such trials, which people have exercised for centuries, important aspects of freedom of speech and "of the press could be eviscerated.") (internal citation and quotation omitted). The Court will not - without citation to governing authority - construe Plaintiff's First Amendment right to access to the courts as narrowly as Defendant argues. Plaintiff has offered testimony that she did not remain in the courtroom for more than five minutes after she was searched because she was embarrassed and feared her friend would also be "messed with." Dkt. 34-2 at 7; 21. Because of the many fact issues regarding the search, the Court declines to dispose of Plaintiff's First

Amendment claim on summary judgment. There are fact issues regarding whether the actions in regard to the alleged search constructively hindered Plaintiff's rights to remain present at the trial; that Plaintiff briefly returned to the courtroom - where a friend was waiting for her - does not as a matter of law dispose of her First Amendment claim.

Defendant Ronnica Blake's Motion for Summary Judgment (Dkt. 33) is DENIED.

**SO ORDERED.**

SIGNED this 16th day of May, 2015.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE